IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-394-BO

| | |
|---|---|
| TEMESGEN TESHOME ABDISSA, ) | |
| Plaintiff, ) | |
| v. ) | **O R D E R** |
| ) | |
| UNC CHAPEL HILL, ) | |
| Defendant. ) | |

This matter comes before the Court on defendant's motion to dismiss [DE 21], plaintiff's motions to amend summons and amended complaint [DE 25], plaintiff's motion for extension of time [DE 26], plaintiff's motion for disqualification of Judge Terrence W. Boyle and re-hearing by another judge, [DE 29], and defendant's motion to stay discovery [DE 27]. The motions are ripe for adjudication. For the reasons discussed below, defendant's motion to dismiss is GRANTED and the other motions are DENIED.

## BACKGROUND

In viewing the facts asserted in the Amended Complaint as true for the purpose of defendant's motion to dismiss, plaintiff alleges the following:

Plaintiff is an Ethiopian male who is a United States citizen and resident of Wake County, North Carolina. He graduated from North Carolina Central University with Master of Science degree in pharmaceutical sciences. In November or December 2014, plaintiff applied for a Research Technician position with defendant. The position required a high school diploma/GED and one year of related experience, and plaintiff claims that he was overqualified for the position based on his master's degree, training and experience. Plaintiff interviewed with Dr. Raluca Dumitru in December 2014. Although plaintiff thought the interview went well, another candidate who plaintiff believed was less qualified and from another "race and place," was selected for the position. [DE 14, p. 3].

Dr. Dumitru contacted Plaintiff in January 2015 and asked if he was still interested in the position. Plaintiff was interviewed a second time by Dr. Dumitru and offered the job. On February 3, 2015, he was trained by Dr. Dumitru for one hour. He believes Dr. Dumitru treated him unfairly.

On February 6, 2015, prior to the next training session, Dr. Dumitru informed Plaintiff that she did not want to continue his training because "she can't believe in [him]." [DE 14, p. 3]. Plaintiff believes that during his hour of training he didn't make any mistakes or errors "even though [he] was unfairly treated because [he is] a well-educated and fully trained person and over qualified for the position." Plaintiff believes Dr. Dumitru terminated him because of the "Stereo-types/Assumptions about the abilities/performances of [his] race which is black and Ethiopian/African origin." *Id.*

## DISCUSSION

Defendant first objects to this Court's jurisdiction over it personally, arguing that plaintiff's process and attempted service were flawed such that this case should be dismissed under the Rules of Civil Procedure and for lack of personal jurisdiction. When service of process gives the defendant actual notice of the pending action, the courts may generally construe the rules of service liberally to effectuate service and uphold the jurisdiction of the court. *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir.1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir.1984). When there is actual notice, failure to strictly comply with the rules may not invalidate the service of process, but the plain requirements for effecting service may not be ignored when flawed service engenders confusion on the part of the defendant. *Armco*, 733 F.2d at 1089. Here, considering defendant's actual notice of the action, defendant's evident lack of confusion regarding the nature of the suit, and plaintiff's *pro se*

status, the Court finds that plaintiff's failure to address his certified complaint to the proper individual within the university does not invalidate service in this case. The Court upholds jurisdiction over this case and the parties before it.

Plaintiff sought in his complaint relief from suffering due to discrimination and retaliation. "Before a Title VII plaintiff can bring a formal suit, he must file an administrative charge with the Equal Employment Opportunity Commission (EEOC)" and "[t]his charge frames the scope of future litigation." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). Indeed, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). To the extent plaintiff raises a separate retaliation claim against defendant, this claim is barred due to his failure to raise this claim before the EEOC and exhaust the administrative remedies available to him.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line

3

from conceivable to plausible." *Twombly*, 550 U.S. at 570. Although the Court must construe the complaint of a *pro se* plaintiff liberally, such a complaint must still allege "facts sufficient to state all the elements of h[is] claim" in order to survive a motion to dismiss. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . national origin" or "to limit, segregated, or classify [] employees or applicants for employment in any way which would deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . national origin." 42 U.S.C. § 2000e-2(a).

To establish a case of disparate treatment, plaintiff must show that (1) he is a member of a protected class; (2) he has satisfactory job performance; (3) he was subjected to an adverse employment action, such as termination; and (4) similarly-situated employees outside his class received more favorable treatment. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 336–37 (4th Cir. 2011).

Plaintiff's complaint fails to raise a reasonable inference of discriminatory treatment. First, the bare fact that he was initially rejected for the position and that someone else from another "race and place" was hired does not support his claim. Plaintiff proffers no facts suggesting that he was initially rejected for the position under circumstances giving rise to an

inference of discrimination. Moreover, as Plaintiff was ultimately offered and given the position by the same decision-maker, he has no basis to complain about another, unidentified candidate being selected in the interim. Plaintiff, though he claims he was unfairly treated by Dr. Dumitru, does not describe in any way how he was unfairly treated. Without knowing what sort of treatment plaintiff was subjected to, the Court is unable to determine whether such treatment gives rise to an inference of discrimination. Thus, this claim of unfair treatment as well does not support his claim of discriminatory treatment or give rise to an inference that his termination was due to discriminatory motives. Finally, plaintiff alleges that his termination was caused by "[s]tereotypes/[a]ssumptions" about his race, but he proffers no facts to support his assertion, such as allegations that similarly situated employees outside his class received more favorable treatment. Plaintiff's amended complaint is conclusory and lacks sufficient factual development of his claims. The absence of any such factual allegations is fatal to his Title VII claim.

For these reasons, plaintiff has not sufficiently pled all of the necessary elements to support a claim of discriminatory discharge. Even giving plaintiff's complaint the liberal reading it is due, the Court cannot find that plaintiff has stated a claim upon which relief can be granted, and his complaint must be dismissed.

Plaintiff sought leave to amend his complaint in order to add the correct individual for effectuating service. [DE 25]. The decision to allow leave to amend a pleading rests within the discretion of the trial court and should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied only when the amendment would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). In this case,

5

because the Court has already determined that any service defects were cured by actual notice, the amendment here would serve no purpose and would thus be futile.

Plaintiff also sought an extension of time to file a response. [DE 26]. A party seeking an extension of time must show good cause. *See* Local Civil Rule 6.1, EDNC. Plaintiff has given no explanation as to why he could not reply to defendant's motion to dismiss within the deadline set by the rules, other than to state that he needed more time in order to correctly effectuate service. It has been more than three months since plaintiff filed his motion for an extension of time, but he still has not filed a response to defendant's motion to dismiss. Plaintiff has provided no justification for his delay in filing a response, thus failing to demonstrate excusable neglect warranting an extension. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Finally, plaintiff submitted a motion for disqualification of the Honorable Terrence W. Boyle and for a re-hearing by another judge. [DE 29]. Plaintiff argues that Judge Boyle is biased against him "for the reasons that the said judge is biased against the Plaintiff in the previous case." *Id.* Plaintiff is apparently referring to his case against Merck & Co., Inc., in which plaintiff filed a similar motion for disqualification alleging that Judge Boyle decided that case based on plaintiff's "English speaking ability." *See Abdissa v. Merck Corporate*, No. 5:15-CV-393-BO at DE 36 (E.D.N.C. 2016). In support of this claim, plaintiff argues that Judge Boyle stated "How long we deal with?" during the hearing and did not give plaintiff a chance to use an interpreter. *Id.*

28 U.S.C. § 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Timeliness is an essential element" of

motions for recusal pursuant to 28 U.S.C. § 455(a). *United States v. Owens*, 902 F.2d 1154, 1155 (1990). Plaintiff's motion was filed 88 days after the September 1, 2016 hearing in which the alleged offending conduct took place. Plaintiff's motion is therefore untimely as it was not raised "at the earliest moment after knowledge of the facts" giving rise to the claim of bias. *Id.* at 1156. Moreover, judicial remarks made during the course of trial that are critical or even hostile to the parties do not support a bias or partiality challenge unless such remarks derive from an extrajudicial source and reveal such a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger . . . ." *Id.* The comment "How long we deal with?" cannot reasonably be construed as evidencing deep-seated favoritism or antagonism, and plaintiff's claim is therefore also without merit.

## CONCLUSION

For all the reasons above, defendant's motion to dismiss is GRANTED. [DE 21]. Plaintiff's motions amend summons and amended complaint [DE 25], motion for extension of time [DE 26], and motion for disqualification of Judge Terrence W. Boyle and re-hearing by another judge [DE 29] are DENIED. Defendant's motion to STAY discovery is DENIED as moot. [DE 27]. The clerk is DIRECTED to close the case.

SO ORDERED, this 5 day of January, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE